NORTH CAROLINA                  IN THE GENERAL COURT OF JUSTICE
                                             FILED     SUPERIOR COURT DIVISION

GUILFORD COUNTY                                           22 CVS 4096

                                        2022 MAR 25 P 12:19

PAULA VERMA,                     )
                                  GUILFORD CO., C.S.C.
      Plaintiff,                   )    BY _____
                                  )
v.                                   )            COMPLAINT
                                  )
WALMART, INC., WAL-MART REAL   )      Plaintiff's First Set of
ESTATE BUSINESS TRUST,           )      Interrogatories,
WAL-MART TRS, LLC, WAL-MART    )      Requests for Production of Documents, and
STORES EAST, LP, and WAL-MART    )      Requests for Admissions
REALTY COMPANY,                 )      Served Herewith
                                  )
      Defendants.                 )

NOW COMES Plaintiff, Paula Verma, by and through the undersigned counsel, complaining of Defendants, Walmart, Inc., Wal-Mart Real Estate Business Trust, Wal-Mart TRS, LLC, Wal-Mart Stores East, LP, and Wal-Mart Realty Company, and says as follows:

1.      Plaintiff Paula Verma is a competent adult citizen and resident of Guilford County, North Carolina.

2.      Defendant Walmart, Inc. is a domesticated corporation doing business in Guilford County, North Carolina.

3.      Defendant Wal-Mart Real Estate Business Trust is a Delaware business trust doing business in Guilford County, North Carolina, and upon information and belief, is the owner of the real property where Plaintiff was injured.

4.      Defendant Wal-Mart TRS, LLC is a domesticated limited liability company doing business in Guilford County, North Carolina.

1

5. Defendant Wal-Mart Stores East, LP is a Delaware limited partnership doing business in Guilford County, North Carolina.

6. Defendant Wal-Mart Realty Company is a domesticated corporation doing business in Guilford County, North Carolina.

7. This Court has jurisdiction over the parties to and the subject matter of this action, and venue is proper in this Court.

8. Upon information and belief, now and at all times relevant to this action, Defendants have had common management, ownership, and pecuniary interests, and were engaged in a joint enterprise and/or joint venture related to the operation of "Wal-Mart" brand retail stores.

9. Upon information and belief, now and at all times relevant to this action, Defendants have owned and operated the "Wal-Mart" brand store located at 2620 South Main Street, High Point, North Carolina.

10. Upon information and belief, on May 6, 2019, Defendants owned and operated the "Wal-Mart" brand store located at 2620 South Main Street, High Point, North Carolina.

11. During the afternoon of May 6, 2019, Plaintiff was sitting in her parked motor vehicle in a designated parking space in the parking lot of the "Wal-Mart" brand store located at 2620 South Main Street, High Point, North Carolina.

12. Plaintiff had just made a purchase at that Wal-Mart store and was a lawful visitor to the premises of that Wal-Mart store.

13. At all times while Plaintiff was on the premises of that Wal-Mart store on May 6, 2019, she behaved in a normal, customary, and reasonable manner.

14. As Plaintiff was seated in her motor vehicle at that time, an employee of Defendants was operating a cart-collection machine in the parking lot of that Wal-Mart store.

15. The Wal-Mart employee suddenly and without warning slammed the cart machine into the side of Plaintiff's motor vehicle.

16. The impact from the collision with Plaintiff's vehicle damaged the vehicle and caused Plaintiff to experience substantial force to her body.

17. That impact caused Plaintiff personal injuries and related damages.

18. The negligence of Defendants in operating the cart machine and in maintaining a safe property caused personal injury to Plaintiff.

19. There was no reason or justification for the Wal-Mart employee to slam a cart machine into the side of Plaintiff's motor vehicle.

## FIRST CAUSE OF ACTION- NEGLIGENCE

20. Plaintiff repeats and restates the previous allegations of the Complaint.

21. At all times relevant to this action, and on May 6, 2019, Defendants owed a duty of reasonable care toward Plaintiff while she was on their business premise, and while she was in the parking lot of that premises, to act reasonably and not take overt actions to endanger, imperil, or harm Plaintiff.

22. On May 6, 2019, Defendants collectively breached their respective duties of care toward Plaintiff by smashing a cart machine into her parked motor vehicle, by failing to keep a proper lookout for Plaintiff's parked motor vehicle, by failing to keep the cart machine under proper or reasonable control, by handling the cart machine carelessly, recklessly, negligently, and grossly negligently, by handling the collection of shopping carts carelessly, recklessly, negligently, and grossly negligently, by hiring and/or retaining incompetent cart operators, by failing to train cart operators prudently or properly, by not behaving prudently under the circumstances, and in other respects to be proven at the trial of this matter.

3

23. The Wal-Mart worker who slammed the cart machine into Plaintiff's parked motor vehicle was an employee and agent of Defendants, and Defendants are liable for the negligence and gross negligence of that employee, and for their own corporate negligence related to having an unsafe premises and unsafe cart operations.

24. The negligence of Defendant was a direct and proximate cause of Plaintiff sustaining serious and permanent personal injuries, and related damages, including medical expenses, pain and suffering, and permanent impairment.

25. Plaintiff is entitled to have and recover judgment of Defendants, jointly and severally, in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) for the negligence of Defendants.

## SECOND CAUSE OF ACTION- PREMISES LIABILITY

26. Plaintiff repeats and restates the previous allegations of the Complaint.

27. On May 6, 2019, one of more Defendant(s) owned and controlled the premises located at 2620 South Main Street, High Point, North Carolina.

28. On May 6, 2019, Plaintiff was a lawful entrant to the premises located at 2620 South Main Street, High Point, North Carolina.

29. On May 6, 2019, a dangerous condition existed at that property, in that upon information and belief, Defendants' operations related to clearing carts from its parking lot was hazardous, unsafe, dangerous, and reckless, due to its carelessness, reckless, and incompetence, because of Defendants hiring and/or retained incompetent, inexperienced, and unqualified cart operators, as a result of improper and inadequate training, and for other reasons to be proven at the trial of this matter.

30. Defendants knew or should have known of those dangerous and hazardous conditions, and Defendants certainly had superior knowledge to that of Plaintiff as to such dangerous and hazardous conditions.

31. Defendants failed to resolve those dangerous and hazardous conditions, or provide Plaintiff with any warning of those dangerous and hazardous conditions, before Plaintiff was injured on May 6, 2019.

32. The failure to provide a safe premise or any warning by Defendant was a direct and proximate cause of Plaintiff sustaining serious and permanent personal injuries, and incurring damages related thereto, including medical expenses and special damages, pain and suffering, and permanent impairment.

33. Plaintiff is entitled to have and recover judgment of Defendants, jointly and severally, in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) for the negligence of Defendants.

WHEREFORE, having complained of Defendants, Walmart, Inc., Wal-Mart Real Estate Business Trust, Wal-Mart TRS, LLC, Wal-Mart Stores East, LP, and Wal-Mart Realty Company, and raised the causes of action set forth herein, Plaintiff Paula Verma now prays that this Honorable Court provide her with the following relief:

1) That she have and recover judgment against Defendants, jointly and severally, in an amount in excess of $25,000.00;

2) That she have and recover costs, interest, and attorney's fees, to the greatest extent permitted by law;

3) That she have a TRIAL BY JURY on all issues so triable; and

4) That she have all such other and further relief as may be just and proper, in the discretion of this Honorable Court.

This the 25th day of March, 2022.

PINTO COATES KYRE & BOWERS, PLLC

Jon Ward
North Carolina State Bar # 37122
Matthew J. Millisor
North Carolina State Bar # 50881
3203 Brassfield Road
Greensboro, NC 27410
Telephone: (336) 282-8848
Facsimile: (336) 282-8409

*Attorneys for Plaintiff*

Case 1:22-cv-00327 Document 23 Filed 04/28/22 Page 6 of 6